14-3552-cr
United States v. Morante

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of January, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                                    14-3552-cr

JORGE MORANTE,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Thomas E. Moseley, Newark, NJ.

Appearing for Appellee:      Alixandra E. Smith, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED in part and VACATED in part** and the case is **REMANDED**.

Appellant Jorge Morante appeals from the September 22, 2014 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*), sentencing Morante to 24 months' imprisonment and requiring, as a special condition of supervised release, that he pay $534,187.14 in restitution to DIRECTV. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court, as a condition of supervised release, may order "any condition set forth as a discretionary condition of probation in section 3563(b)." 18 U.S.C. § 3583(d). Section 3563(b)(2) authorizes district courts to require a defendant to pay "restitution to a victim of the offense." 18 U.S.C. § 3563(b)(2). "In the case of restitution orders, we review issues solely of law *de novo*, findings of adjudicative fact for clear error, and the multi-factor balancing aspects of such an order for abuse of discretion." *United States v. Cadet*, 664 F.3d 27, 34 (2d Cir. 2011) (quoting *United States v. Jaffe*, 417 F.3d 259, 263 (2d Cir. 2005)) (discussing restitution ordered as a special condition of supervised release).

When ordering restitution, either as a condition of supervised release or under the Mandatory Victims Restitution Act, a district court may require payment "only for the loss caused by the specific conduct that is the basis of the offense." *United States v. Varrone*, 554 F.3d 327, 333 (2d Cir. 2009) (quoting *Hughey v. United States*, 495 U.S. 411, 413 (1990)). Morante pleaded guilty to "knowingly and willfully and for the purposes of private financial gain receiv[ing] and assist[ing] in receiving interstate communication by radio and us[ing] such communication for his own benefit and for the benefit of others not entitled thereto," App'x at 33, in violation of 47 U.S.C. §§ 605(a), (e)(2). Here, the specific conduct that is the basis of the offense could reasonably have been found to have caused a loss to DIRECTV. *Cf. Varrone*, 554 F.3d at 330, 333 (holding that a restitution order was improper where the defendant was convicted of failure to file currency transaction reports, but where the victim was harmed by a related fraudulent scheme and not by the failure to file those reports).

Next, contrary to Morante's arguments, the loss amount determined by the district court was not improperly speculative. "The Government bears the burden of proving the victim's actual loss by a preponderance of the evidence." *United States v. Zangari*, 677 F.3d 86, 92 (2d Cir. 2012). Although restitution calculations cannot be hypothetical or speculative, a "reasonable approximation will suffice, especially in cases in which an exact dollar amount is inherently incalculable." *United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 1528 (2014). Furthermore, the balancing involved in deciding restitution awards is particularly well suited to the discretion of the district court. *See Jaffe*, 417 F.3d at 263. Finally, "in the context of contested issues regarding the propriety of a restitution award, . . . the sentencing procedures employed to resolve such disputes are within the district court's discretion so long as the defendant is given an adequate opportunity to present his position." *United States v. Sabhnani*, 599 F.3d 215, 257-58 (2d Cir. 2010). The district court was within its discretion in relying on the presentence investigation report ("PSR") and the affidavit

of loss from DIRECTV in calculating the restitution award, and Morante did not introduce any contrary evidence and stated that he did not want a hearing on the loss amount.

Finally, there is no evidence that the district court believed that a restitution award was mandatory rather than discretionary, as the district court referred explicitly to the addendum to the PSR, which noted that restitution was discretionary, the government and probation both stated at sentencing that restitution was discretionary, and the restitution award was imposed as a special condition of supervised release. However, the district court erred in requiring Morante to make restitution payments while incarcerated, and we remand for the limited purpose of permitting the district court to amend the order to state that Morante's restitution payments shall commence when his term of supervised release begins.

We have considered the remainder of Morante's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and VACATED in part. We REMAND to the district court for the limited purpose of amending the judgment to reflect that restitution payments must begin when Morante is on supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3